IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC CLERK, CHARLESTON, SC

2006 DEC 18  A 10: 35

| | |
|---|---|
| Bryan J. Williams, #296969, ) | C. A. No. 2:06-0886-GRA-RSC |
| Plaintiff, ) | |
| -versus- ) | **REPORT AND RECOMMENDATION** |
| Associate Warden Beckwith; ) Sgt. Collins; Ofc. Gregory; ) Ofc. Romanelli; Ofc. Rennick; ) Ofc. Callahan; Captain Miller;) Captain Seward, ) | |
| Defendants. ) | |

On March 29, 2006, the plaintiff brought this action seeking relief pursuant to Title 42, United States Code, Section 1983. On March 29, 2006, an order was entered advising the plaintiff to bring the case into proper form and directing plaintiff to notify the clerk in writing of any change of address. Thereafter, on May 19, 2006, an order was filed authorizing service of process by the clerk, collection of a filing fee, and directing the defendants to answer or otherwise plead.

On September 27, 2006, the defendants filed a motion for summary judgment. By order of this court filed October 3, 2006, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the dismissal and summary judgment procedures and the possible consequences if he failed to respond adequately. Despite this explanation, the plaintiff elected not to respond to the motion.

Since the plaintiff is proceeding pro se, the court filed a second order on November 15, 2006, giving the plaintiff an additional ten (10) days in which to file his response to the defendants' motion for summary judgment. The plaintiff was specifically advised that if he failed to respond, this action might be dismissed with prejudice for failure to prosecute, Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978), 41(b) Federal Rules of Civil Procedure. The plaintiff did not respond.

No mail addressed to the plaintiff's address of record has been returned to the clerk, but the court has been advised that the plaintiff has been transferred to Lieber Correctional Institution. Nevertheless, the plaintiff has failed to respond to the orders of the court and has failed to notify the Clerk in writing of any change of address.

Based on the foregoing, it appears the plaintiff no longer wishes to pursue this action. Accordingly, it is recommended that this action be dismissed with prejudice for failure to notify the court of any change of address and lack of prosecution. The clerk is directed to send this Report and Recommendation to the plaintiff at both his address of record and Lieber Correctional Institution.

    Respectfully Submitted,

    Robert S. Carr
    United States Magistrate Judge

Charleston, South Carolina
December 15, 2006

2

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).